**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOHN CHIVALIER and SANA MUJAHID, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 22-cv-00036 |
| Plaintiffs, | : : | |
| v. | : : | |
| SMARTSCRIPTS, LLC | : : : | |
| Defendant. | : : | |

**CLASS ACTION COMPLAINT**

Plaintiffs John Chivalier and Sana Mujahid (hereinafter collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA does not only restrict robocalls, but also prohibits contact to individuals on the National Do Not Call Registry.

3. This case involves Smartscripts, LLC's ("SmartScripts") and its agent, Transparent BPO, LLC's ("Transparent BPO"), telemarketing to persons, like the Plaintiffs, who were listed on the National Do Not Call Registry.

4. Because telemarketing campaigns generally target thousands of individuals en masse, Plaintiffs sue on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for SmartScript's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiffs John Chivalier and Sana Mujahid are both individuals.

7. Mr. Chivalier resides in this District.

8. Ms. Mujahid resides in Arizona.

9. Defendant SmartScripts, LLC is an Iowa limited liability company with a registered agent of Craig A. Davis, located at 211 W. Washington St., Washington, IA 52353.

## Jurisdiction & Venue

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under federal law.

11. The Court has personal jurisdiction over the Defendant because it conducts its telemarketing activity into this District, as it did by placing calls to Mr. Chivalier in this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Chivalier resides in this District and received the calls at issue in this District.

## The Telephone Consumer Protection Act

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

18. SmartScripts markets and sells the services of delivering medications to consumers.

19. SmartScripts uses telemarketing to offer its services.

20. To engage in this telemarketing SmartScripts purchases telephone numbers from data brokers.

21. SmartScripts's telemarketing efforts include contacting individuals on the National Do Not Call Registry through its agent Transparent BPO.

22. John Chivalier and Sana Mujahid are both a "person" as defined by 47 U.S.C. § 153(39).

23. They each received telemarketing calls from Transparent BPO on behalf of SmartScripts, which were made for the purpose of marketing SmartScripts.

24. The calls all were made using a script that promoted the delivery services of SmartScripts to consumers.

25. Through the calls, SmartScripts provided Transparent BPO with each of the plaintiffs' telephone numbers and instructions on what to say to them.

26. John Chivalier's telephone number, (812) 306-XXXX has been on the National Do Not Call Registry since December 4, 2004.

27. The telephone number is for his personal use and is not associated with a business.

28. John Chivalier received 3 telemarketing calls from Transparent BPO on behalf of Smartscripts on November 20, 2021 (from caller ID 319-284-8838), November 22, 2021 (from caller ID 877-775-4723), and January 10, 2022 (from caller ID 712-800-3463).

29. Sana Mujahid's telephone number, (623) 522-XXXX had been on the National Do Not Call Registry since May 8, 2019.

30. The telephone number is for her personal use and is not associated with a business.

31. Ms. Mujahid received 2 telemarketing calls on the (623) 522-XXXX number from Transparent BPO one behalf of Smartscripts on September 26, 2019.

32. In part because of incessant telemarketing calls, Ms. Mujahid changed her residential telephone number thereafter to (678) 933-XXXX.

33. She no longer used the prior number, and this new number became her personal use phone and was not associated with a business.

34. This number was also registered on the National Do Not Call Registry for more than 30 days prior to the receipt of her first call.

35. However, Transparent BPO called her on behalf of SmartScripts on this number as well.

36. Ms. Mujahid received telemarketing calls on the (678) 933-XXX number from Transparent BPO on behalf of Smartscripts on December 21 (twice), 22 (twice), 2020, February 19, March 12, April 15 and May 13, 2021.

37. The Caller ID for the calls to Ms. Mujahid was (618) 305-7125.

38. This phone number has been identified as a "telemarketer call" on websites dedicated to tracking robocalls. *See e.g.* https://lookup.robokiller.com/p/618-305-7125 (Last Visited March 3, 2022).

39. That same website indicated over 1,800 such calls. *Id.*

**SmartScripts' Liability for Transparent BPO's Conduct**

40. For more than twenty-five years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

41. In fact, the Federal Communication Commission has instructed that sellers may not avoid liability by outsourcing telemarketing to third parties:

5

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) ("May 2013 FCC Ruling") (internal citations omitted).

42. The May 2013 FCC Ruling held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

43. SmartScripts determined the parameters and qualifications for customers to be transferred and required Transparent BPO to adhere to those requirements.

44. For example, SmartScripts provided the telephone numbers that Transparent BPO had to call.

45. SmartScripts provided the Caller ID that Transparent BPO had to use on the calls.

46. SmartScripts also provided Transparent BPO with access to its lead management system to post information about the calls.

---

[1] May 2013 FCC Ruling, 28 FCC Rcd. at 6574, ¶ 1.

47. SmartScripts instructed Transparent BPO on what to say on the calls by providing scripting for the telemarketing calls.

48. SmartScripts knew (or reasonably should have known) that Transparent BPO was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.

49. By having Transparent BPO initiate the calls on its behalf to generate new business, SmartScripts "manifest[ed] assent to another person ... that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

50. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." *Id.* at 6592-593, ¶ 46.  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593, ¶ 46.

## Class Action Allegations

51. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

52. Plaintiffs bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from Transparent BPO on behalf of SmartScripts (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

53. The Plaintiffs are members of and will fairly and adequately represent and protect the interests of the Class as they have interests that conflict with any of the Class members.

54. Plaintiffs and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy.

55. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

56. Plaintiffs do not know the exact number of members in the Class, but Transparent BPO made millions of telemarketing calls on behalf of SmartScripts.

57. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

60. There are numerous questions of law and fact common to Plaintiffs and to the proposed Class, including but not limited to the following:

   (a) Whether SmartScripts is vicariously liable for Transparent BPO's conduct;

   (b) whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

   (c) whether the telemarketing calls at issue were made to Plaintiffs and members of the Class without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

61. The Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

62. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

63. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

64. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

65. Defendant violated the TCPA and the Regulations by having Transparent BPO make two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiffs and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

66. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiffs and National Do Not Call Registry Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

68. Plaintiffs and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiffs seek for themselves and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable.**

 Respectfully Submitted,

By: */s/ Timothy J. Sostrin*
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
keith@keoghlaw.com
tsostrin@keoghlaw.com

and

Anthony I. Paronich (PHV pending)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*